IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM HIGHTOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1163-STE |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-30). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 1, 2015, his alleged disability onset date. (TR. 18). At step two, the ALJ determined that Mr. Hightower had the following severe impairments: recurrent moderate major depressive disorder and severe alcohol use disorder. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that Mr. Hightower retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following non-exertional mental abilities and limitations: the claimant can perform "simple" and "some complex" tasks. "Simple" tasks means unskilled entry-level work with a SVP of one or two. "Some complex" tasks means semi-skilled work with a SVP of three or four, plus skilled work with a SVP of five, but excludes the higher skilled work with a SVP of six through nine. The claimant can relate to others, including co-workers, supervisors, and the general public, on a "superficial" work basis. "Superficial" means brief, succinct, cursory, concise communication relevant to the task being performed. The claimant can adapt to a work situation.

(TR. 26).

With this RFC, a vocational expert (VE) testified that Mr. Hightower could perform his past relevant work as a "small products assembler," as that job had been actually

performed, and as it is performed in the national economy, as defined in the Dictionary of Occupational Titles (DOT). (TR. 75-79). The ALJ adopted the VE's testimony and at step four, the ALJ concluded that Plaintiff was not disabled based on his ability to perform his past relevant work. (TR. 29-30).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUE PRESENTED

On appeal, Plaintiff alleges error in the ALJ's consideration of evidence related to Mr. Hightower's hand tremors. (ECF No. 21:3-11).

## V. NO ERROR IN THE ALJ'S CONSIDERATION OF EVIDENCE RELATED TO HAND TREMORS

Mr. Hightower alleges that the ALJ erred in his consideration of the evidence related to Plaintiff's hand tremors. The Court disagrees.

### A. Evidence of Plaintiff's Hand Tremors

The evidence related to Plaintiff's hand tremors derives from three sources: (1) opinions from two consultative examining physicians; (2) opinions from five non-examining State Agency physicians; and (3) statements from an examining advanced practice registered nurse. (TR. 95-97, 110-112, 171, 383-389, 396-397, 455-456, 469-470, 472, 474-475, 487, 488, 492).

On March 28, 2017, Brian Birdwell, M.D. (internist) examined Mr. Hightower, who had complained of hand tremors. (TR. 383-389). Dr. Birdwell opined that Plaintiff's "[f]ine tactile manipulation of objects is impaired by tremor," which he described as "uncontrollabl[e]," but noted that Plaintiff was "able to pick up and manipulate paper clips." (TR. 384). Ultimately, Dr. Birdwell assessed Plaintiff with a "systemic fine tremor." (TR. 384).

In April and May of 2017, State Agency medical consultant Dr. Sean Neeley stated the need for a neurology exam to establish the severity of Plaintiff's tremor. (TR. 480, 483). On July 11, 2017, Plaintiff was examined by Sherman Lawton, M.D. (neurologist). (TR. 396-397). According to Dr. Lawton, Plaintiff had reported that the use of alcohol helped with his tremors. (TR. 396). As a result, Dr. Lawton stated: "[Plaintiff's] response to alcohol virtually guarantees that medications of Propanolol or Primidone will totally control the problem." (TR. 396). In sum, Dr. Lawton diagnosed Plaintiff with a "mild

4

essential tremor." (TR. 396). In doing so, Dr. Lawton also noted that Mr. Hightower's signature on medical forms was "essentially normal without any evidence of tremor." (TR. 396).

Following Dr. Lawton's examination, Dr. Neeley again examined the evidence (including Dr. Lawton's findings) and opined that Plaintiff's RFC was "limited by tremor" to the extent that he could frequently "finger" (fine manipulation) objects. (TR. 96, 111, 188-189).

On August 20, 2017, Dr. Paul Schraeder: (1) discussed the examinations and findings from Drs. Birdwell and Lawton, as well as observations from employees at the Social Security field office and (2) made additional findings. (TR. 488). Dr. Schraeder noted that Plaintiff had told Dr. Birdwell that the tremor interfered with his ability to work. (TR. 488). Dr. Schraeder also noted that Dr. Lawton had: (1) found an "essential tremor," (2) noted no evidence of a tremor indicated by Plaintiff's signature on medical forms, and (3) noted that Propranolol would be useful to treat Mr. Hightower's tremors. (TR. 488). Finally, Dr. Schraeder stated that no one at the Social Security field office noted that Plaintiff manifested evidence of a tremor or had any difficulty in writing. (TR. 488).

Ultimately, Dr. Schraeder stated:

> The inconsistencies noted above need to be resolved before this claim can be reviewed. In addition, as the claimant is on no meds such as propanalol or primidone, which in all likelihood alleviate essential tremor, examination after initiation of medication use would be essential also.

(TR. 488).

On September 22, 2017, State Agency physician Kumar Swami reviewed Plaintiff's medical evidence and opined:

5

> Claimant has a history of mild hand tremors of late onset in the presence of alcohol abuse. Benign essential tremors generally have an onset from young age and the sufferers find that alcohol has beneficial effects and start using it. In this instance, [Plaintiff] has been using alcohol and the tremors began late in life. His neurological exam shows fine tremors and no functional deficits including normal gait and hand functions. If stops abuse of alcohol his impairment can become nonsevere.

(TR. 487).

On September 27, 2017, State Agency physician Penny Abner stated that Plaintiff's tremor was not severe, as indicated by the medical evidence. (TR. 492). On December 18, 2017, APRN Amber Jones saw Plaintiff at Variety Care and noted a "fine high frequency tremor." (TR. 456). On February 1, 2018, State Agency physician Dr. William Oehlert diagnosed Plaintiff with a non-severe, mild essential tremor. (TR. 171). On March 19, 2018, Ms. Jones: (1) noted that Plaintiff was unable to write because of his shaking, (2) diagnosed a high frequency tremor, and (3) referred Plaintiff to a neurologist. (TR. 474-475). On April 16, 2018, Ms. Jones again noted "tremors present." (TR. 472). During a July 23, 2018 visit at Variety Care, Plaintiff reported that he was currently taking Primidone and he had been, but was not currently taking, Propranolol, but that neither medication had helped his tremors "at all." (TR. 470).

### B.     The ALJ's Evaluation of the Hand Tremor Evidence

Although Plaintiff's alleged disability owed, in part, to hand tremors, the ALJ deemed the impairment non-severe. (TR. 18, 23). In doing so, the ALJ acknowledged and summarized all of the aforementioned evidence related to Plaintiff's tremors with the

6

exception of the records from Variety Care in December 2017, and April and July 2018. *See* TR. 19-23.[1] Specifically, the ALJ:

- Accorded "great weight" to Dr. Lawton's opinion because it was consistent with his examination as well as other medical evidence in the record and Dr. Lawton's specialty is neurology;

- Accorded "great weight" to opinions from Drs. Abner and Oehlert, who opined that Plaintiff's tremor was not severe;

- Rejected Dr. Birdwell's opinion[2] regarding Plaintiff's "uncontrollabl[e]" tremor which affected his fine tactile manipulation of objects because it was not consistent with the medical evidence as a whole and the ALJ afforded other opinions greater weight; and

- Rejected Dr. Neeley's opinion that Plaintiff's RFC was limited by his tremor because it was inconsistent with opinions from Drs. Lawton, Schraeder, Swami, Abner, Oehlert, and observations made by SSA field office workers.

(TR. 19, 21, 22).

### C. No Error in the ALJ's Consideration of the Hand Tremor Evidence

Plaintiff alleges error in the ALJ's consideration of: (1) the opinion from Dr. Schraeder and (2) opinions from State Agency physicians. (ECF No. 21:3-11). Neither allegation has merit.

#### 1. Dr. Schraeder's Opinion

Plaintiff directs the Court's attention to the opinion of Dr. Schraeder who: (1) noted inconsistencies in the record regarding the extent of Plaintiff's tremor, (2) noted that

---

[1] The ALJ noted the December 2017 and the April and July 2018 Variety Care records, but he failed to mention the findings regarding Plaintiff's tremors. *See* TR. 19-20.

[2] The ALJ actually accorded Dr. Birdwell's opinion "little weight," which amounted to effectively rejecting the opinion. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012).

Plaintiff was not taking Propranolol or Primidone, which would likely alleviate his tremor, and (3) suggested an examination of Mr. Hightower following the initiation of medication to assess potential results. (ECF No. 21:4). According to Mr. Hightower, the ALJ: (1) failed to resolve the inconsistencies … as Dr. Schrader had suggested, and … failed to address evidence that the medication did not resolve Mr. Hightower's tremors." (ECF No. 21:7-11). The Court disagrees with both contentions.

First, the "inconsistencies" noted by Dr. Schraeder seem to be the fact that Plaintiff had told Dr. Birdwell that the tremor rendered Plaintiff unable to work, while Dr. Lawton attributed no functional limitations to the tremor. *Compare* TR. 384 *with* TR. 396.[3] The ALJ resolved the "inconsistencies" by discussing both opinions, and ultimately crediting Dr. Lawton's opinion while rejecting Dr. Birdwell's. *See* TR. 19-21. In doing so, the ALJ evaluated both opinions utilizing the required regulatory factors,[4] and gave specific reasons for the treatment of the same. *See* TR. 19-21. Mr. Hightower does not challenge the ALJ's rationales, but instead appears to simply disagree with the ALJ's ultimate

---

[3] Dr. Birdwell also noted that Plaintiff's "fine manipulation of objects" was impaired by the tremor, but Dr. Schraeder did not discuss this finding in his opinion. *Compare* TR. 384 *with* TR. 488.

[4] The ALJ was required to consider the opinions from Drs. Birdwell and Lawton utilizing certain regulatory factors. *See* 20 C.F.R. §§ 404.1527(c) & 416.920(c). The factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*See* 20 C.F.R. §§ 404.1527(c) & 416.920(c).

conclusion. Although Plaintiff contends that the ALJ failed to resolve inconsistencies between the opinions from Drs. Birdwell and Lawton, the decision reveals that he did just that. The Court cannot reweigh the evidence to reach a different conclusion. *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (noting that the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.") (internal quotation marks omitted).

Second, Plaintiff alleges that the ALJ failed to address evidence that Plaintiff had taken Propranolol and Primidone as suggested by Dr. Lawton (and echoed by Dr. Schraeder) and that neither medication had worked to alleviate his tremor. (ECF No. 21:7-11). According to Plaintiff, the ALJ "relied on a proven invalid hypothesis by Dr. Lawton to determine that Mr. Hightower's tremor was a non-severe impairment, therefore with no corresponding limitations." (ECF No. 21:8). Mr. Hightower is correct in his assertion that the ALJ failed to address the evidence from Variety Care in July 2018 regarding the fact that Plaintiff had taken both medications and neither had helped. *See* TR. 19-22. But the ALJ's ultimate finding of non-severity was not dependent on Plaintiff's use of medication. Dr. Lawton examined Mr. Hightower while he was *not* taking medication, noted a "relatively mild essential tremor," and stated that medication would likely control the problem completely. (TR. 396). Even so, *without medication*, Dr. Lawton attributed no functional limitations to Plaintiff's tremor—an opinion which the ALJ properly evaluated[5] and adopted. *See* TR. 20-21, 396. Plaintiff's use of medication, whether successful or not, would not have changed Dr. Lawton's opinion, as he did not deem the

---

[5] *See supra*.

9

tremor severe enough without medication to result in any functional limitations. As a result, the Court concludes that any error in failing to discuss the evidence regarding Plaintiff's use of medication was harmless. *See generally Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1162–63 (10th Cir. 2012) (indicating that harmless-error analysis may be appropriate where ALJ did not properly consider evidence but "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way" (internal quotation marks omitted)).

### 2. State Agency Opinions

Plaintiff challenges the ALJ's adoption of opinions from State Agency physicians who concluded that Mr. Hightower's tremors were not severe. (ECF No. 21:4). According to Plaintiff, the ALJ improperly relied on the opinions because the physicians did not have the benefit of reviewing the evidence from Variety Care which post-dated the agency opinions. (ECF No. 21: 4). Plaintiff's theory posits that the Variety Care records could have affected the agency opinions, but the Court sees nothing in the Variety Care records to support this theory. The records consist of: (1) diagnoses of a tremor and (2) a report that medication did not help. *See* TR. 455-456, 469-470, 472, 474-475. But "[t]he mere diagnosis of a condition does not establish its severity or any resulting work limitations." *Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016). And, as discussed, Dr. Lawton rendered his opinion of non-severity (which the ALJ adopted) with full knowledge that Plaintiff had not been prescribed any medication. *See supra*. Thus, to the extent the ALJ relied on the agency opinions of non-severity, even though they had rendered their opinions without the benefit of the Variety Care records, any related error is harmless.

### D.   Summary

To the extent Plaintiff believes that the evidence demonstrated that his tremors constituted a severe impairment, the Court cannot agree, because to do so would involve a reweighing of the evidence. Ultimately, the ALJ deemed the impairment to be not severe, relying on opinions from State Agency physicians as well as Dr. Lawton. In doing so, the ALJ properly evaluated the evidence of record utilizing the correct legal standards and provided adequate explanation for his findings. To the extent that certain records were not specifically discussed, the Court deems any related error harmless.

### ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on August 13, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE